IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| CASH WILLIAMS, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No.: CBD-19-1733 |
| | * | |
| BOARD OF EDUCATION OF | * | |
| PRINCE GEORGE'S COUNTY | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | ***** | |

## **MEMORANDUM OPINION**

Before the Court is Defendant Board of Education of Prince George's County's Motion to Dismiss for Failure to Substitute Party ("Defendant's Motion"). ECF No. 18. The Court has reviewed Defendant's Motion and the opposition thereto. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court DENIES Defendant's Motion.

### I.   Factual Background

The gist of Plaintiff's claim arises from her employment with Prince George's County Public Schools ("PGCPS") which began in August 2001. Compl. ¶ 1, ECF No. 1. Since 2013, Plaintiff worked at Charles Herbert Flowers High School in Springdale, Maryland. *Id.* at ¶¶ 13–14. According to Plaintiff, "[a]t all relevant times, [she] was an individual with a disability

1

within the meaning of the [Americans with Disabilities Act]."[1]  *Id.* at ¶ 18.  As a result of her disabilities, Plaintiff is limited in her ability to breathe and walk.  *Id.* at ¶ 17.

Plaintiff requested the following accommodations:

> [A] chair with separate controls for a leg lift and for reclining[;] a classroom with access and spacing for a power wheelchair[;] a work environment free [of] dust, smoke, odor and fumes[;] assistive technology and material and equipment within reach[;] an automatic door for the nearest bathroom[;] a co-teacher[;] portable computers for classroom use[;] a fourth period planning time[;] removal of certain classroom furniture[;] among others.

*Id.* at ¶ 23.  According to Plaintiff, her requested accommodations were not met because (1) the chair she received did not lock and did not have power assist; (2) her ability to move around in the classroom while students were in the classroom was severely limited; (3) her classroom did not have the same audio/visual equipment that other classrooms did; (4) her classroom did not have the audio/visual technology to meet her needs; and (5) her classroom once contained holes and stains in the ceiling, which continue to emit a strong odor and moldy scent.  *Id.* at ¶¶ 25–29.

As a result of Defendant's alleged failure to provide the requested accommodations, Plaintiff claims to have "suffered emotional stress, hardship, as well as physical and emotional injuries."  *Id.* at ¶ 29.  According to Plaintiff, the PGCPS retaliated against her because she: (1) filed numerous complaints with the Equal Employment Opportunity Commission; (2) complained internally about her disparate treatment; and (3) requested reasonable accommodations.  *Id.* at ¶ 30.  In response to Plaintiff engaging in protected activity, Defendant allegedly:

> [A]ttempted to force [Plaintiff] to quit or retire by, among other things, issuing her unsatisfactory performance ratings from 2013 to 2016, failing to timely place her on teaching rosters, assigning her

---

[1] Plaintiff has disabilities including: "(a) congestive heart failure; (b) chronic respiratory failure; (c) reactive airway disease; (d) asthma; (e) vision impairment; (f) spinal court injuries; (g) torn rotator cuff muscles in both shoulders; and [(h)] injuries to both knees and both ankles."  *Id.* at ¶ 16.

>a disproportionate number of 504 students, delaying the submission and processing of her workers' compensation claims and other medical information, urging parents and others to complain about her, subjecting her to disparate discipline, subjecting her to increased scrutiny, and refusing to provide reasonable accommodations.

*Id.* at ¶ 31.

On June 13, 2019, Plaintiff filed the Complaint alleging Disability Discrimination under 42 U.S.C. § 12112 in Count 1 and Retaliation, Interference, and Coercion under 42 U.S.C. § 12203 in Count 2. *Id.* at 6–7. On December 10, 2019, Defendant filed a Suggestion of Plaintiff's Death stating in its entirety: "Defendant Board of Education of Prince George's County, by and through undersigned counsel, hereby gives notice that Plaintiff Cash Williams died on October 9, 2019." Suggestion of Death of Plaintiff Cash Williams ("Suggestion of Death"), ECF No. 16.

## II.  Analysis

Defendant avers that the case should be dismissed because after Defendant filed the Suggestion of Death, a motion for substitution of party was not filed within the required 90 days. Def.'s Mot. 2. Plaintiff's counsel does not object to Defendant's Motion. Resp. to Def.'s Mot. 1–2, ECF No. 19.

Under the Federal Rules of Civil Procedure:

>If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after the service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a). The Fourth Circuit has stated that personal service of the suggestion of death on a deceased party's successor or representative is required. *Fariss v. Lynchburg*

*Foundry*, 769 F.2d 958, 961 (4th Cir. 1985) ("As the suggestion of death is served in the same manner as the motion to substitute, a party may be served through his attorney, Fed. R. Civ. P. 5(b), but *nonparties must be personally served.*") (emphasis added).

> Rule 25(a)(1) directs that both parties and appropriate nonparties be served with the suggestion of death to commence the 90-day substitution period, for the rule seeks 'to assure the parties to the action and other concerned persons of notice of the death so that they may take appropriate action to make substitution for the deceased party.'

*Id.* at 962.  "When the identity of the successor or representative is unknown, the serving party generally must 'determine whom to serve,' 'rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action.'" *State Farm Life Ins. Co. v. Eckert*, No. DKC 18-3078, 2019 WL 4060015, at *2 (D. Md. Aug. 28, 2019) (citing *Fariss*, 769 F.2d at 962).

In this case, Defendant filed the Suggestion of Death on December 10, 2019 and certified that a copy of the filing was sent to Plaintiff's attorney.  Suggestion of Death 2.  In Defendant's Motion, Defendant avers that because a motion for substitution of party was not filed by March 9, 2020, the 90-day deadline has passed, and therefore, the case should be dismissed.  Def.'s Mot. 2.  Defendant also searched the Maryland Office of the Register of Wills to determine whether an estate has been opened in the name of Plaintiff.  Def.'s Mot. 2.  On the other hand, Plaintiff's counsel avers that he has not had any communication with "any individual associated with [Plaintiff] since November 11, 2019."  Resp. to Def.'s Mot. 1.  Plaintiff's attorney sent a copy of Defendant's Motion to Plaintiff's last known address.  *Id.*

At no point did either Defendant or Plaintiff's attorney discuss their efforts in effectuating personal service to Plaintiff's successors or representatives.  Aside from conducting a Register of Wills search, Defendant did not contend that they tried anything else to determine

4

the existence of any successors.[2]  Although Defendant effectuated service on Plaintiff's attorney, service on the attorney alone is not sufficient.  *Id.* ("The attorney's agency to act ceases with the death of his client, and he has no power to continue or terminate an action on his own initiative.  Because the attorney is neither a party, nor a legal successor or representative of the estate, he has no authority to move for substitution . . . .").

Aside from Plaintiff's attorney sending Defendant's Motion to Plaintiff's last known address, there is no way to know, from this record, whether Plaintiff's successors or representatives have been notified of their right to preserve Plaintiff's claim if so desired.  *Id.* ("Absent personal service, there is no reason to presume that the successor or representative, who must decide whether to pursue the claim, is aware of the substitution requirement.").  Although it may be difficult for Defendant to determine whom they must serve, ". . . it is generally appropriate to require the serving party to shoulder that burden rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action."  *Id.*

Without more information from Defendant regarding its efforts to personally serve Plaintiff, the Court cannot adjudicate this motion.  *State Farm Life Insurance Company*, 2019 WL 4060015, at *3.  Hence, the Court finds that the 90-day substitution period afforded by Fed. R. Civ. P. 25(a) has not begun, and Plaintiff's successors may move to substitute at any time until proper service is effectuated or Defendant shows that a good faith effort was made to locate Plaintiff's successors.

---

[2] In fact, at no point was the Court even provided a death certificate to confirm Plaintiff's death.  Defendant simply avers Plaintiff died, and Plaintiff's counsel simply states that he has not been in any contact with Plaintiff.  At no point did Plaintiff's counsel in either his Motion to Withdraw the Appearance of James Rubin as Counsel for Cash Williams, ECF No. 17, or Response to Defendant's Motion, aver that Plaintiff actually passed away.

Defendant is advised to ascertain who Plaintiff's successors or representatives may be, and effectuate service to begin the 90-day timeline.  If Defendant has in fact complied with the service requirements discussed, and thereby, validating the initial Suggestion of Death filing date, the Court advises Defendant to file a motion to reconsider with proper documentation stating: (1) How Defendant determined that the person served is a successor or representative of Defendant; (2) The representative's name and address; and (3) Proof of service.  If Defendant has already made a good faith effort, aside from simply searching the Register of Wills, Defendant is advised to sufficiently memorialize those efforts in more than one line.  Counsel for Plaintiff is also obligated to provide reasonable assistance and cooperation in this effort.

### III.   Conclusion

For the reasons set forth above, Defendant's Motion is denied.  In the absence of a more fulsome submission, counsel for the parties are required to submit a status report with supporting affidavits setting forth their efforts in locating and serving the appropriate successors or representatives.

June 11, 2020                                                                /s/
                                                                Charles B. Day
                                                                United States Magistrate Judge

CBD/hjd