# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Southern Division

| | | |
|---|---|---|
| CASH WILLIAMS, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: CBD-19-1733 |
| BOARD OF EDUCATION PRINCE GEORGE'S COUNTY | * | |
| Defendant. | * | |

## **MEMORANDUM OPINION**

Before the Court is Defendant Board of Education of Prince George's County's Second Motion to Dismiss for Failure to Substitute Party ("Defendant's Renewed Motion"). ECF No. 25. The Court denied Defendant's previous motion for failure to comply with the service requirements, and thus the Court found that the 90-day substitution period afforded by Fed. R. Civ. P. 25(a) had not begun. The Court has reviewed Defendant's Renewed Motion and Plaintiff's Response. ECF No. 26. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court GRANTS Defendant's Renewed Motion.

### I.  Factual Background

The facts here are detailed in the Court's June 11, 2020 memorandum opinion. Mem. Op., ECF No. 20. The Court incorporates by reference the facts and legal analysis from that prior memorandum. Previously, the Court found that service of process to Plaintiff's successors or representatives was deficient. Mem. Op. 4. Specifically, the Court stated that although Defendant conducted a Register of Wills search, Defendant did not suggest that it attempted

anything else to determine the existence of any successors. *Id.* The Court also stated that service of process on Plaintiff's attorney was not enough. *Id.* at 4–5. The Court's concern was whether Plaintiff's representatives or successors were notified of their right to preserve Plaintiff's claim if they so desired. *Id.* at 5. As such, the Court held that without sufficient service of process or Defendant detailing its efforts to effectuate service, the 90-day substitution period pursuant to Fed. R. Civ. P. 25(a) had not begun. *Id.* The Court advised Defendant to identify Plaintiff's successors or representatives and serve them to begin the 90-day substitution period. *Id.* at 6. The Court also noted it did not receive a copy of the death certificate to confirm Plaintiff's death. *Id.* at 5, n.2.

## II.  Analysis

Defendant contends that the case should be dismissed because Plaintiff failed to file a motion for substitution within the 90-day time period allotted by Fed. R. Civ. P. 25(a). Def.'s Mot. ¶ 14–16. Plaintiff's counsel takes no position in this matter. Pl.'s Mot. ¶ 5. The Court finds that Defendant rectified the Court's previous concerns and thereby GRANTS Defendant's Renewed Motion.

Under the Federal Rules of Civil Procedure:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after the service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a). Plaintiff died on October 9, 2019, and Defendant filed a Suggestion of Death notice on December 10, 2019. Suggestion of Death, ECF No. 16. Plaintiff's Death Certificate was filed on July 7, 2020. Joint Status Report, Ex. 1. ECF No. 22. The parties also filed a life insurance policy that named Plaintiff's daughter, Ms. Tanya Capers, as the

2

beneficiary. Joint Status Report, Ex. 2. Pursuant to the Court's Paperless Order, the 90-day period for substitution began on July 7, 2020. Paperless Order, ECF No. 24. Since then, Plaintiff has not filed a motion for substitution. The 90-day period to file a motion for substitution expired on or about September 5, 2020.

Defendant identified Ms. Capers, as Plaintiff's successor. Def.'s Mot. ¶ 3, 6. Defendant spoke to Ms. Capers and confirmed that she was Plaintiff's daughter and only child, that Plaintiff was not married at the time of her death, and that no estate had been opened for Plaintiff. *Id.* at 6. Defendant served Ms. Capers on June 24, 2020, via process server, with a letter, a copy of the Complaint, the Suggestion of Death, and the Court's previous Memorandum Opinion and Order. *Id.* at 7–8.; Joint Status Report, Exs. 4, 5. The Court finds that Defendant provided Plaintiff's successor proper notice and Ms. Capers had an opportunity to preserve Plaintiff's claim if she desired. However, Plaintiff's successor did not file a motion for substitution within the requisite 90-day time period. Rather, Ms. Capers affirmatively stated that she does not wish to be substituted as a party and proceed with this litigation. Def.'s Mot. 11. Ms. Capers has not responded to Plaintiff's counsel's communication since October 7, 2020. Pl.'s Mot. ¶ 4.

This Court finds that Plaintiff's successor was served and failed to file a motion for substitution within 90 days of the filing of the Death Certificate.[1]

---

[1] The Court requested a copy of the Death Certificate to supplement the Suggestion of Death in its June 11, 2020 Order. ECF No. 21. The Court retroactively began the 90-day substitution period when it received a copy of the Death Certificate on July 7, 2020. Joint Status Report, Ex. 1.

3

### III. Conclusion

For the reasons set forth above, Defendant's Renewed Motion is GRANTED.  Judgment shall be entered in favor of Defendant and the case shall be closed.

July 9, 2021                                            /s/
                                                Charles B. Day
                                                United States Magistrate Judge

CBD/pjkm